**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GABRIEL BRITO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ALFREDO LINARES, INC. d/b/a** | ) |
| **SUPERMERCADO LA CHIQUITA, INC.** | ) |
| **and ALFREDO LINARES, individually,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Gabriel Brito, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Alfredo Linares, Inc. d/b/a Supermercado La Chiquita, Inc. and Alfredo Linares, individually, ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff.

2.      Plaintiff customarily worked in excess of 40 hours per week but was not paid overtime wages at the rate of one and a half times his regular rate of pay for all time worked in excess of 40 hours per week.  (Plaintiff has consented in writing to be part of this action and act as a representative plaintiff.  A copy of Plaintiff's consent to act as a representative plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.)

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C.

§1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5.    Plaintiff Gabriel Brito resides and is domiciled in this judicial district.

6.    Plaintiff Gabriel Brito is a former employee of Defendants who was employed by Defendants in this judicial district.  During the course of his employment, Plaintiff Gabriel Brito handled goods that moved in interstate commerce, including flour and sugar.

7.     Defendant Alfredo Linares, Inc., is an Illinois  corporation doing business within this judicial district under the name "Supermercado La Chiquita, Inc" hereinafter "La Chiquita." Defendant La Chiquita is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8.    Defendant La Chiquita was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

9.    Defendant Alfredo Linares is the President of Alfredo Linares, Inc. and is involved in the day-to-day business operations of corporation.  Among other things, Defendant Alfredo Linares has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

10.    Defendant Alfredo Linares was Plaintiff's "employer" as that term is defined by

the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

11.    Upon information and belief, Defendant Alfredo Linares resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

12.    Defendants operate a chain of grocery stores in this judicial district under the "La Chiquita."

13.    The grocery stores identified above operate as a unified operation and a common enterprise, with a common business purpose.

14.    Plaintiff was employed by Defendants as baker who performed non-exempt work at the La Chiquita located in West Chicago, Illinois.

15.    The West Chicago La Chiquita location supplied baked goods sold at the other La Chiquita locations.

16.    Throughout his employment with Defendants, Plaintiff was paid a fixed amount on a weekly basis despite performing non-exempt work.  *See* copies of Plaintiff's check stubs dated November 9, 2012 and June 16, 2013, attached hereto as Exhibit B.

17.    Plaintiff regularly worked in excess of forty hours per week, but was not paid overtime wages.

    a.    Attached as Exhibit C is the schedule for the Bakery Department at La Chiquita.  It lists Plaintiff Gabriel Brito scheduled to work 63 hours.

18.    Defendants have failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in a single work week in violation of the FLSA and the IMWL.

19.    Other similarly situated employees were required to work more than 40 hours per

week and were similarly denied overtime wages in violation of federal and state law.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(Plaintiff on behalf of himself and on behalf of similarly situated employees.)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

20.    This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff for all time he worked for Defendants.

21.    Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

22.    Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23.    During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

24.    Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

25.    Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he is entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

26.    Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

27.    Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

28.     Plaintiff and similarly situated employees are entitled to recover overtime wages for three years prior to the filing of this suit because of Defendants' failure to pay overtime wages for all hours worked above 40 in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times the greater of the federal minimum wage rate or Plaintiff's and the opt-in class's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due for Plaintiff and the opt-in class;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff individually)

Plaintiff hereby realleges and incorporates paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

29.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

30.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

31.     At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

32.     During the course of his employment by Defendants, Plaintiff was not exempt

from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

33.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff is entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

34.     Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

35.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

36.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B.      Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  September 20, 2013                    **GABRIEL BRITO**

By:   s/Carlos G. Becerra
Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC.

332 S. Michigan Ave., Suite 1020
Chicago, Illinois 60604
Telephone: (312) 957-9005
Facsimile: (773) 890-7780
E-mail: cbecerra@law-rb.com